### JACKSON *v.* BAXTER, sheriff.

HILL, J.  1.  If Penal Code §§ 175 and 176 be construed as prescribing two different offenses, rather than one offense, with a punishment therefor varying under different circumstances, nevertheless the accusation in this case, which specifically charged that the value of the goods stolen from the house was less than $50, thereby showing jurisdiction in the county court to try the case as·one charging a misdemeanor, was evidently based upon section 176, although the word "privately" was not used in the accusation in describing the theft.

(a) Whether or not the accusation was subject to special demurrer on that ground is not involved in the present case.

2. Where the accusation in a county court charged that the defendant was fourteen years of age, and stole from a store goods to the value or less than $50, and he pleaded guilty and was sentenced to the Georgia State reformatory, the sentence reciting that it had been made to appear to the court that the convicted person was fourteen years of age, he could not obtain his discharge from custody on the ground that it did not appear that he was under sixteen years of age, so as to authorize him to be sentenced to the reformatory under the Penal Code, § 1238.

3. Where in such a case the sentence directed that "It is considered, ordered, and adjudged by the court that the said defendant be committed to the Georgia State reformatory; it is further ordered that the sheriff of Liberty county safely keep the defendant in the confines of the county jail until released to the properly authorized authorities of the Georgia State reformatory," the latter clause did not sentence the defendant to an indefinite confinement in the county jail, but only

contemplated his reasonable detention therein until his release to the authorities of the State reformatory.

4. The mere fact that the sentence was dated January 18, 1915, the application for the writ of habeas corpus made on February 19, and the hearing had February 23, was not alone sufficient to show, as matter of law, that the detention of the sheriff was so unreasonable as to be illegal, and to require a discharge from custody.

*Judgment affirmed. All the Justices concur.*
MAY 12, 1916.

Habeas corpus. Before Judge Sheppard. Liberty superior court. September 21, 1915.

*N. J. Norman,* for plaintiff.

*W. F. Slater, solicitor-general,* and *Melville Price,* for defendant.